

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable J. E. Broussard, Chairman
Texas Rice Development Commission
Beaumont, Texas

Dear Sir:

Opinion No. O-4143
Re: Whether taxes collected under
Texas Rice Development Act, H.B.
136, Acts 47th Leg., may be held
in escrow pending judicial deter-
mination of validity of the Act.

In your letter of October 13th you request our opinion on the
following questions relating to the Texas Rice Development Act,
H. B. 136, Acts 47th Legislature, Regular Session:

"1. As we understand, this processing tax law became effec-
tive ninety days after adjournment of the Legislature
(October 2, 1941) and we have approved a form of tax return
to be mailed to each of the rice millers, to be executed
as provided by said law. Would the Commission, acting
advisory to the State Department of Agriculture, be per-
mitted to hold all taxes in trust or escrow pending the
outcome of any suit contesting the validity of said act or
either of the acts of Arkansas or Louisiana? In this con-
nection, we are advised that there is now before the Supreme
Court of Arkansas a suit by one of the rice millers of that
state contesting the validity of its law. If your opinion
is that we can hold said funds in escrow, then how long
should we hold them?

"2. Should any of the rice millers upon receipt of the
monthly tax returns pay the tax under said law to us, would
we be justified in going ahead and using the money? If so,
then in the event the rice law of either of the three states
should be declared invalid, would the members of the Com-
mission, or the State Department of Agriculture, be per-
sonally liable for the refunding of the money to the tax-
payer?"

In our Opinion No. O-4114, copy of which is enclosed herewith, we
held that the taxes collected under said Texas Rice Development
Act are to be deposited in the State Treasury and to be expended
for the purpose declared in said Act upon warrants drawn by the

Comptroller of Public Accounts. This being true, taxes paid under the Act may be held in suspense pending a judicial determination of the validity of the Act only under the statutory procedure prescribed in such cases. This procedure is set out in Articles 4388 and 7057b, Vernon's Annotated Civil Statutes of Texas. These statutes are so lengthy that we will not set them out in full in this opinion. Suffice it to say that Article 7057b, requires the taxpayer to make payment of the tax and "accompany such payment with a written protest setting out fully and in detail each and every ground or reason why it is contended that such demand is unlawful and unauthorized," and to file suit in Travis County for recovery of the tax within ninety (90) days from the date of payment. See Rogers v. Daniel Oil & Royalty Co., 110 S.W. (2d) 891; Producers & Refiners Corp. of Texas v. Heath, 81 S.W. (2d) 533; Rainey v. Malone, 141 S.W. (2d) 713.

Any money which is paid under protest is not subject to being spent for the purposes enumerated in the Rice Development Act pending determination of the suit for recovery by the taxpayer. Any taxes which are not paid under protest will be deposited in the State Treasury and will be subject to disbursement upon warrants, issued by the Comprtoller of Public Accounts in the absence of any judicial declaration or determination to the contrary. As said in our opinion No. O-2827:

> "The Supreme Court of the United States in the case of United States v. Realty Company, 163 U. S. 427, 41 U. S. (L Ed.) 215, held knowledge of the invalidity of an Act of Congress will not be imputed, in advance of any authoritative declaration to that effect, to those who are acting under its provisions, so as to preclude them from having equities based on their reliance upon the Act.
>
> "It has been said that a ministerial officer has not the right to decide upon the constitutionality or unconstitutionality of an Act passed with all the formality of law. It is the duty of such officers to execute and not to pass judgment on the law. Volume 9, Texas Jurisprudence, 468; Sessums v. Botts, 34 Tex. 335 (holding an unconstitutional act regulating the collection of debts protected clerks of courts acting under it)."

The members of the Texas Rice Development Commission cannot be personally liable for the refund of any taxes to the taxpayers when such tax moneys have been paid to the State Treasurer, because, in the event such taxes are not paid under protest and suit filed for their recovery within ninety (90) days, as provided by Article 7057b, the taxpayer would not be entitled to a refund; and in the event such taxes are paid under protest and suit is filed for their recovery, their disposition will be determined by the final judgment of the court in such suit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV.4, 1941                    By

   GROVER SELLERS

FIRST ASSISTANT ATTORNEY GENERAL

WRK:LM:ml

ENCLOSURE

Walter R. Koch
Assistant